UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN HUTCHINGS f/k/a ROBIN HASTON, | ) ) ) |
| *Plaintiff* | ) ) ) |
| v. | ) CAUSE NO. 1:17-CV-791 RLM-DLP ) |
| INTERCONTINENTAL HOTELS GROUP, PLC and SC HOTELS AND RESORTS (JAMAICA) LIMITED d/b/a HOLIDAY INN RESORT MONTEGO BAY f/k/a HOLIDAY INN SUNSPREE RESORT MONTEGO BAY, | ) ) ) ) ) ) ) ) |
| *Defendants* | ) |

<u>OPINION AND ORDER</u>

Robin Hutchings filed suit against InterContinental Hotels Group, PLC and SC Hotels and Resorts (Jamaica) Limited, claiming they were negligent in failing to exercise reasonable care to protect her safety while she was a guest at the Holiday Inn Sunspree Resort in Montego Bay, Jamaica where she was allegedly assaulted and raped. Each defendant separately moved to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1] [Doc. Nos. 21 and 24]. For the following reasons, the court grants their motions.

---

[1] SC Hotels also moved to dismiss pursuant to Rule 12(b)(4) for lack of sufficient service of process, but asserts in its reply brief that the court needn't rule on that issue because dismissal is appropriate for lack of personal jurisdiction. The court agrees and declines to address the Rule 12(b)(4) motion.

# I. STANDARD OF REVIEW

When a dismissal motion raises the issue of personal jurisdiction, the plaintiff must establish personal jurisdiction over each of the defendants. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 799 (7th Cir. 2014); Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010); Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). The court can receive and weigh affidavits, exhibits and other evidence in determining whether it has personal jurisdiction. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 782; Nelson v. Park Indus., Inc., 717 F.2d 1120, 1123 n.7 (7th Cir. 1983). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 783.

As with all motions to dismiss, the court must accept all well-pleaded facts alleged in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Anicich v. Home Depot U.S.A., Inc., 852 F.3d 643, 648 (7th Cir. 2017). When, as in this case, the motion to dismiss is decided based on the submission of written materials without an evidentiary hearing, Ms. Hutchings must "make out a prima facie case of personal jurisdiction" through affidavits or other evidence setting forth

facts that, if true, would be sufficient to establish jurisdiction over the defendants. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 782. "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Novelty, Inc. v. RCB Distributing, Inc., No. 1:08-cv-418, 2008 WL 2705532, at *1 (S.D. Ind. July 9, 2008).

II. DISCUSSION

Ms. Hutchings says in her complaint that while she and her now-husband, Vic Hutchings, were guests at the Holiday Inn in Montego Bay, Jamaica, she was viciously raped and tortured by three men who entered the women's restroom and jumped into the locked bathroom stall she was using. Mr. Hutchings alleges that hotel staff and security didn't respond to her cries for help and that the attack didn't end until Mr. Hutchings heard her screaming, entered the restroom, and fought off the assailants. Ms. Hutchings, seeking to redress her alleged injuries, filed suit against the defendants in this court.

Before considering the merits of Ms. Hutchings's claims, the court must determine whether it has jurisdiction. "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d at 779. This is a two-part inquiry, with the court first determining whether the forum-state's long-arm statute allows the court to exercise jurisdiction and then determining whether exercising that jurisdiction

comports with Fourteenth Amendment's Due Process Clause. Id. Indiana's long-arm statute extends personal jurisdiction to the outer limits of the Due Process Clause, so the two inquires merge. Ind. Trial Rule 4.4(A); LinkAmerica Corp. v. Cox, 857 N.E.2d 961, 967 (Ind. 2006). In deciding whether the exercise of personal jurisdiction comports with the Due Process Clause, "the primary focus . . . is the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S.Ct. 1773, 1779 (2017). Personal jurisdiction exists when each of the defendants has "certain minimum contacts [with the forum] . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Stated differently, each defendant must have purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." Tamburo v. Dworkin, 601 F.3d at 700–701 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

There are two types of personal jurisdiction–general and specific, Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S.Ct. at 1780, and the defendants first argue that they aren't subject to general jurisdiction because their affidavits show that they aren't Indiana corporations and do no business in Indiana, aren't registered or licensed to do business in Indiana, own no property, and have on resident agent for service of process in Indiana.

4

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014).

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.

Id. (citations and alterations omitted). Ms. Hutchings argues that the court can exercise general jurisdiction over the defendants because, she claims, they are incorporated in Indiana. She presents no evidence to support this assertion and the defendants' affidavits demonstrate that they aren't Indiana corporations, so she hasn't established that they are Indiana corporations for purposes of general jurisdiction. *See* Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d at 782–783 (a plaintiff can't rely on bare assertions in a brief to oppose a motion to dismiss when the defendant produces evidence of a lack of jurisdiction); Novelty, Inc. v. RCB Distributing, Inc., No. 1:08-cv-418, 2008 WL 2705532, at *1 (S.D. Ind. July 9, 2008) ("conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss").

Ms. Hutchings also argues IHG PLC is subject to general jurisdiction because its subsidiary, Six Continents Hotels, Inc., is registered to do and does business in Indiana. Ms. Hutchings is correct that a subsidiary's contacts with the forum can provide a basis for jurisdiction in some extraordinary cases, but

5

"personal jurisdiction cannot be premised on corporate affiliation . . . alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." Cent. States Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 943 (7th Cir. 2000). *See also* Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d at 788 n.17 (rejecting general jurisdiction based on a corporate affiliate's contacts); Abelesz v. OTP Bank, 692 F.3d 638, 659 (7th Cir. 2012) (holding that a bank did not dominate a company to an extent that contacts should be imputed, even where banking executives held four of nine seats on a the board of supervisors); 4A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1069.4 (4th ed.) ("if the subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent and is not acting as merely one of its departments, personal jurisdiction over the parent corporation may not be acquired simply on the basis of the local activities of the subsidiary company").

IHG PLC submitted evidence that it doesn't exercise "an unusually high degree of control" over its subsidiary; the affidavit it submitted indicates that the company exerts no control over the day-to-day management of Six Continents. Ms. Hutchings hasn't presented any evidence to establish that IHG PLC exercises "an unusually high degree of control" over its Indiana subsidiary. The only evidence she submitted was IHG's answer to an interrogatory, in which it indicated that Six Continents Hotels, Inc. is its subsidiary. That alone is

6

insufficient to allow the court to exercise general jurisdiction. *See* Cent. States Pension Fund v. Reimer Express World Corp., 230 F.3d at 943; Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 782–783 (when a defendant submits evidence supporting a finding of no jurisdiction, the plaintiff must "submit affirmative evidence supporting the exercise of jurisdiction").

The defendants also argue that their contacts with Indiana are insufficient to subject them to specific jurisdiction in this court. To exercise specific jurisdiction, "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S.Ct. at 1780 (quoting Daimler AG v. Bauman, 134 S.Ct. at 754). "The inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" Brook v. McCormley, 873 F.3d 549, 552 (7th Cir. 2017) (quoting Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014)).

Ms. Hutchings assumes that her claims arise out of or relate to the defendants' contact with Indiana; the defendants argue that they don't. The court of appeals hasn't endorsed a particular test for determining whether a suit arises out of or relates to the defendant's contact with the forum state, but it approved of the Third Circuit's exercise of jurisdiction in an analogous case where a plaintiff brought a tort action for an injury that occurred at a Barbados resort when the forum contacts by the defendant consisted of solicitations and entry into a contract. uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 430 (7th Cir. 2010). While that case is distinguishable, the court need not decide the issue

because even if Ms. Hutchings claims arise out of or relate to the defendants' contact with Indiana, she must still make a prima facie case that the defendants had sufficient minimum contacts with Indiana to allow this court to exercise jurisdiction over them. *See* Tamburo v. Dworkin, 601 F.3d at 700–701.

Ms. Hutchings argues that the defendants knowingly operated a website accessible in Indiana that allows users to book hotel stays and this activity amounts to sufficient contacts with the forum to allow the court to exercise specific jurisdiction. She contends in her brief that she booked her stay in Jamaica through IHG.com and that IHG.com is IHG PLC's website.[2]

IHG PLC submitted affidavits indicating that is isn't registered or licensed to do business in Indiana, does no business in Indiana, owns no property in the Indiana, has no resident agent for service of process in Indiana, and doesn't solicit business or advertise for business in Indiana. In response to Ms. Hutchings's brief opposing dismissal, in which she claimed IHG PLC owned and operated the website IHG.com, IHG PLC submitted an affidavit indicating that it didn't own or operate the website IHG.com. To the extent Ms. Hutchings argues that SC Hotels is affiliated with the website IHG.com, SC Hotels' affidavit indicates that it doesn't have a website that targets or markets directly to Indiana

---

[2] Ms. Hutchings also argues that IHG PLC and SC Hotels "appear to be one and the same and intertwined," and claims that SC Hotels is a subsidiary of IHG, citing to IHG's answer to an interrogatory in which IHG PLC indicated that Six Continents Hotels, Inc. is its subsidiary. But according to SC Hotels' affidavit, SC Hotels isn't a subsidiary of IHG PLC and Six Continent Hotels, Inc. and SC Hotels are separate entities. Ms. Hutchings hasn't come forward with evidence disputing SC Hotels' affidavit.

residents.

Ms. Hutchings's complaint doesn't allege that she booked her stay in Jamaica through IHG.com, or that IHG PLC or SC Hotels owns the website IHG.com and she didn't submit any evidence to support those assertions made in her brief opposing dismissal. Once IHG PLC and SC Hotels submitted evidence questioning the exercise of jurisdiction, Ms. Hutchings couldn't rely on bare assertions in her brief, but was required to "submit affirmative evidence supporting the exercise of jurisdiction," Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d at 782–783, because "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Novelty, Inc. v. RCB Distributing, Inc., No. 1:08-cv-418, 2008 WL 2705532, at *1 (S.D. Ind. July 9, 2008). Ms. Hutchings hasn't established a prima facie case that the defendants had sufficient minimum contacts with Indiana to allow this court to exercise jurisdiction over them. *See* Tamburo v. Dworkin, 601 F.3d at 700–701.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' motions to dismiss [Doc. Nos. 21 and 24].

SO ORDERED.

ENTERED: March 26, 2018

                                  /s/ Robert L. Miller, Jr.
                                  Judge, United States District Court

Distribution to all electronically registered counsel of record